**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| WANDA JEAN WILLIAMS | : |
| Plaintiff | : |
| v. | :  Civil Action No. AW-06-1224 |
| MONTGOMERY COUNTY POLICE, et al | : |
| Defendants | ..o0o.. |

## MEMORANDUM

On May 12, 2006, plaintiff pro se Wanda Jean Williams filed this complaint, naming the Montgomery County Police as a defendants.[1] Plaintiff has also filed for leave to proceed in forma pauperis. Upon review of the pleading, the court will grant the motion to proceed in forma pauperis and dismiss the complaint without prejudice.

**I. Standard of Review**

Federal district courts are required to screen complaints and dismiss any that are frivolous, malicious or fail to state a claim upon which relief may be granted. See 28 U.S.C. §1915(e)(2)(B). In evaluating the claim, the court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). Additionally, where as here, plaintiff is pro se litigant, the court will accord the complaint liberal construction, holding it to a less stringent standard than that drafted by an attorney. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim

---

[1] Plaintiff pro se has named "Montgomery County Police, et al" as the sole party defendant.

cognizable in a federal district court. See Weller v. Dep't of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990).

**II. Analysis**

The complaint is written in a rambling, incoherent manner. Plaintiff fails to identify when she was allegedly harmed or by whom. For example, she states: " Conglomerate entourage Butchwackers multiple conspiracy multiple surgeries May 4-5- New mutilations genocide killers- medical malpractice-fraud degutted my entire sex organs, skin, bones and joints." Paper No. 1 These assertions, none of which is specifically lodged against the Montgomery County Police Department, appear implausible or delusional.

In Neitzke v. Williams, 490 U.S. 319, 326 n.6 (1989), the Supreme Court held that a patently insubstantial complaint may be dismissed for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See e.g. Hagans v. Lavine, 415 U.S. 528, 536-537 (1974) (federal courts lack power to entertain claims that are " 'so attenuated and unsubstantial as to be absolutely devoid of merit' ") (citation omitted). Under such circumstances, complaints may be dismissed *sua sponte*. See Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999); see also Crowley Cutlery Co. v. United States, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on own initiative).

**III. Conclusion**

For the above reasons, the court will deny the complaint without prejudice by separate Order.

May 23, 2006                                /s/
Date                                        Alexander Williams, Jr.
                                               United States District Judge